UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT JAMES POPE, JR,

        Petitioner,

v.

        Case No. 21-cv-0346-bhl

JASON WELLS,[1]

        Respondent.

## ORDER GRANTING STAY OF JUDGMENT PENDING APPEAL

On September 1, 2023, the Court granted a writ of habeas corpus under 28 U.S.C. § 2254 to Petitioner Robert James Pope Jr., concluding that the State of Wisconsin violated Pope's rights by denying him a meaningful appeal, one that included both representation by competent counsel and copies of his trial transcripts. (ECF No. 19.) The Court gave the State six months—until March 1, 2024—to either vacate Pope's conviction and grant him a new trial or set him free. (*Id.* at 23.) Respondent Jason Wells timely appealed this Court's ruling to the Seventh Circuit. (ECF No. 21.) With the appeal still only partially briefed, Respondent has now realized that the deadline this Court set for the State to retry or release Pope is fast approaching. Accordingly, on February 16, 2024, Respondent filed an Emergency Motion to Stay Judgment Pending Appeal. (ECF No. 26.) For the reasons explained below, the Court will grant the motion and stay its judgment pending the outcome of the appeal.

### LEGAL STANDARD

"Although the filing of a notice of appeal from a trial court's judgment generally vests jurisdiction over the cause appealed in the court of appeals, it has long been recognized that the trial court reserves the power to make orders appropriate to preserve the *status quo* while the appeal is pending." *Rakovich v. Wade*, 834 F.2d 673, 673–74 (7th Cir. 1987) (per curiam) (citations

---

[1] Respondent reports that Jason Wells has replaced Paul Kemper as the current Warden at Racine Correctional Institution. (ECF No. 21 at 1 n.1.) Accordingly, substitution of Wells as the respondent in this habeas matter is appropriate under Federal Rule of Procedure 25(d).

omitted). "A party must ordinarily move first in the district court for . . . stay of the judgment or order of a district court pending appeal." Fed. R. App. P. 8(a)(1).

## ANALYSIS

With the deadline for Pope's release or retrial less than two weeks away, Respondent asks for an immediate stay of the Court's judgment, pending resolution of its appeal to the Seventh Circuit. Respondent supports this request with the assertion that the Court lacked the authority to order the circuit court to vacate the judgment of conviction against Pope. Respondent also argues that the situation surrounding its appeal warrants a stay. While Respondent's challenge to this Court's habeas authority is meritless, the Court concludes that the circumstances support granting a stay, and Respondent's motion will be granted.

As an initial matter, Respondent is simply wrong that this Court "had no authority to order the state court to vacate the judgment of conviction before it retries Pope." (ECF No. 27 at 3.) A federal court may not itself vacate a state court's judgment, *see Brown v. Vanihel*, 7 F.4th 666, 670 (7th Cir. 2021), but an order directing the state court to vacate a judgment entered in violation of a defendant's constitutional rights falls squarely within the Court's habeas authority. Federal courts regularly issue conditional writs of habeas relief directing state courts to either retry or release the petitioner with a certain time frame. *See e.g.*, *id.* at 668; *Jensen v. Pollard*, 924 F.3d 451, 453 (7th Cir. 2019); *Eddleman v. McKee*, 586 F.3d 409, 411 (6th Cir. 2009); *Garlick v. Miller*, No. 18 Civ. 11038 (CM) (SLC), 2021 WL 4295210, at *2 (S.D.N.Y. Sept. 21, 2021). The Court acknowledges that the wording of its judgment was archaic,[2] but it was modeled on language from a longstanding Seventh Circuit precedent that remains good law. *See U.S. ex rel. Westbrook v. Randolph*, 259 F.2d 215, 219 (7th Cir. 1958) (directing the state circuit court to "vacate the judgment of conviction and [] grant petitioner . . . a new trial.").

Authority issues aside, the Court concludes that a stay is appropriate here given the issues at stake and the well-advanced state of Respondent's appeal. A prisoner granted habeas relief is entitled to a presumption of release pending appeal. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987) (citing Fed. R. App. P. 23(c)). "But the state can overcome this presumption 'if the traditional factors regulating the issuance of a stay weigh in favor of granting a stay.'" *Etherly v. Schwartz*,

---

[2] Despite the Court's somewhat confusing directive that Pope be released "[u]pon the failure of the circuit court to vacate the judgment of conviction and grant a new trial within six months after the date of actual physical delivery of Pope to the custody of the Wisconsin court," (ECF No. 20), Respondent correctly read the judgment to require the State to retry or release Pope within six months from the date of judgment, or March 1, 2024. (*See* ECF No. 27 at 1.)

590 F.3d 531, 532 (7th Cir. 2009) (per curiam) (quoting *O'Brien v. O'Laughlin*, 557 U.S. 1301, 1302 (2009) (Breyer, J., in chambers)). These factors are: (1) the State's likelihood of success on the merits of its appeal; (2) whether the State will suffer irreparable harm absent a stay; (3) whether a stay will substantially injure Pope; and (4) the public interest in a stay. *See id.* "The State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal is also a factor to be considered; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Hilton*, 481 U.S. at 777.

Respondent asserts that it has "demonstrated a 'substantial likelihood of success on the merits.'" (ECF No. 27 at 5 (quoting *Etherly*, 590 F.3d at 532).) The Court disagrees. While success on a federal habeas petition requires an extremely high showing and is therefore usually unlikely, this case falls within the minority of petitions in which relief is warranted. The Court did not grant Pope's petition for habeas corpus lightly. As set forth in detail in the Court's September 1, 2023 order, the record confirms multiple undisputed violations of Pope's constitutional rights. The State violated Pope's right to a direct appeal by appointing him ineffective counsel, who abandoned Pope after promising (but failing) to initiate Pope's post-conviction proceedings and appeal, leaving Pope, an indigent criminal defendant, to navigate Wisconsin's complicated post-conviction procedures alone. This abandonment not only cost Pope his right to an immediate direct appeal, a violation the State failed to rectify for two decades, but also his right to copies of his trial transcripts for use in his appeal. Despite acknowledging Pope's right to a reinstated appeal with competent counsel, the State insisted Pope had to proceed with that appeal without his trial transcripts, basic tools necessary to make his late-reinstated appeal more than a mere formality. The Court does not accept the State's suggestion that it is substantially likely to succeed.

That being said, the Court recognizes that the interplay of appointed counsel's ineffectiveness, the multiple state court rulings, and the high bar to achieving habeas relief all make this case far from simple. The full consequences of counsel's abandonment of Pope were not revealed until many years had passed and after several courts had weighed in on aspects of Pope's situation. Although the Wisconsin Supreme Court failed to address several key United States Supreme Court precedents, it rejected Pope's arguments in a sharply divided 4-3 decision. Habeas review is also subject to the "highly deferential standard" under the Antiterrorism and Effective Death Penalty Act (AEDPA). *See Etherly*, 590 F.3d at 532; 28 U.S.C. § 2254(d). Given

these considerations, the Court acknowledges that for the purposes of a stay the State has non-frivolous arguments on appeal that warrant consideration from the Seventh Circuit.

Respondent's stay request is supported by the irreparable harm it will suffer absent a stay. Pope was convicted by a jury of murder nearly 30 years ago. This is a serious offense. Accordingly, in granting Pope's petition, this Court gave the State six months to vacate Pope's conviction and order a new trial or release him. That deadline will expire on March 1, 2024. Meanwhile, Respondent's appeal is proceeding. Given briefing extensions ordered by the Court of Appeals, Respondent's reply brief is now due on February 27, 2024. That is a mere two days before the deadline this Court gave the State to decide whether to retry or release Pope. It is therefore inevitable that this Court's deadline will pass before the Seventh Circuit rules on the appeal. If the State were to comply with the Court's order by seeking the vacatur of Pope's conviction on or before March 1, 2024, it will deprive the Seventh Circuit of jurisdiction over this matter and moot this appeal. *See Brown*, 7 F.4th at 669 ("The state court's vacatur of Brown's conviction ended this court's jurisdiction over the State's appeal because the appeal attacks an order directed to a judgment that no longer exists."). Accordingly, the State will be deprived of appellate review of this Court's ruling absent a stay (unless it chooses to release him and forfeit its opportunity for a retrial).

It bears mentioning that Respondent is at least partially responsible for the impending harm it faces. The Court's writ of habeas corpus gave the State a full six months to act. While Respondent timely appealed that judgment to the Seventh Circuit, an appeal does not automatically stay a district court judgment. *See* Fed. R. App. P. 8(1)(A). This is a basic rule of appellate practice. Yet Respondent does not appear to have given any thought to the need for a stay or to have taken other action to resolve this case in a timely fashion, despite being given a six-month buffer by this Court. Respondent could have asked the Seventh Circuit to expedite its appeal, or it could have filed a Rule 8 motion requesting a stay in this Court at any point over the last several months since the judgment was entered. Instead, Respondent waited to file an emergency motion less than two weeks before the deadline. Its lack of diligence created the immediacy of the irreparable harm it now faces. Respondent's failure to act promptly also forced the Court to substantially shorten Pope's time to respond to its motion. (*See* ECF No. 28.) Despite these self-inflicted wounds, the irreparable harm the State will face absent a stay is real and weighs in its favor. Pope's habeas petition was granted because he was deprived of his constitutional right to

have meaningful appellate review of his criminal conviction. (*See* ECF No. 19.) To now deprive the State of *any* appellate review of this Court's decision would be unduly harsh.

Pope argues that the State will not be irreparably harmed without a stay because it retains the option to release Pope from custody without vacating the judgment. (ECF No. 29 at 4.) While Pope is correct that the State is afforded the option to avoid mooting its appeal, it appears that doing so may forfeit its ability to retry Pope on his dual counts of first-degree murder. Either choice will cause irreparable harm to the State.

Pope also argues that he will be substantially injured by a stay, having "already been unlawfully held in custody for nearly three decades due to the State's violation of his constitutional rights." (*Id.* at 5.) His interest in release is "unquestionably important," especially given that the Court has already found that his constitutional rights were violated. *See Etherly*, 590 F.3d at 532. But "a successful habeas petitioner is in a considerably less favorable position than a pretrial arrestee . . . to challenge his continued detention pending appeal." *Hilton*, 481 U.S. at 779. And the State's interest (as well as the public's) in continuing custody pending a final determination on appeal is also unquestionably strong. *See id.* at 777. Pope is serving a life sentence without parole after conviction on two counts of first-degree intentional homicide. *State v. Pope*, 936 N.W.2d 606, 609–10 (Wis. 2019); *see also Etherly*, 590 F.3d at 532 (holding the State's interest in continuing custody strong in part because the petitioner was convicted of first-degree murder). These are serious crimes for which a jury has found Pope guilty. While Pope was denied his right to a meaningful opportunity to challenge that verdict on appeal (with counsel and with trial transcripts), Pope stands in a different position than a pretrial detainee who has never gotten his day in court. The Court recognized these limits on Pope's interest in release by granting a conditional writ with a six-month deadline, rather than immediately ordering his release. Even with briefing extensions, Respondent's appeal is set to be fully briefed no later than February 27, 2024, limiting the additional time Pope is likely to remain in custody and the harm to him. Given these facts, the Court concludes that Pope's interest in release is outweighed by the State's interest in both continuing custody pending appeal and the opportunity to have its appeal heard.

## CONCLUSION

The traditional factors governing the issuance of a stay—and, in particular, the irreparable harm the State will suffer absent a stay—warrant granting Respondent's motion and staying the Court's judgment pending resolution of Respondent's appeal to the Seventh Circuit.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Emergency Motion to Stay Judgment Pending Appeal, ECF No. 26, is **GRANTED**. The Court's judgment is stayed pending resolution of Petitioner's appeal to the Seventh Circuit.

Dated at Milwaukee, Wisconsin on February 26, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge